UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LORRAINE BOND**,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>**UNITED STATES ATTORNEY**<br>**GENERAL OFFICE**, *et al.*,<br><br>　　　　　Defendants. | Civil Action No. 21-cv-2526 (TSC) |

## MEMORANDUM OPINION

On September 23, 2021, Lorraine Bond filed a *pro se* petition for a writ of mandamus, detailing the emotional harm her three children suffered as a result of the 1985 bombing of Osage Avenue in Philadelphia. ECF No. 1. She asks the court to order the United States Attorney General and others to show cause why the criminal records of her three children, Troy, Assim, and Chante, should not be expunged, and why Troy should not be promptly psychologically evaluated. *Id.* at 4. She also seeks the immediate release of three individuals, identified as friends of Troy, from federal and state prison: Raphael Irving, Anthony Major, and Jamille Barksdale. *Id.* at 3–4. In an attachment to her Complaint, entitled "Judicial Notice," she also asks the court to take judicial notice of the deaths of five children and six adults in the bombing and the fact that "no one has been made to answer this criminal element." *Id.* at 22–23.

On October 7, 2021 the court ordered Petitioner to show cause by November 3, 2021 why this action should not be dismissed for lack of standing, as it appeared that her children were no longer minors and her relationship to the other named individuals was

unclear.  ECF No. 2 at 3.  The court also directed the Petitioner to show cause why this action should not be dismissed for failure to assert a redressable claim.  *Id*. at 4–5.

Petitioner filed a timely response in which she argued that Defendants injured her children when they were minors and those injuries continue today.  ECF No. 3 at 1–2.  She further argued that as a citizen of the United States, she had a "right" to file this complaint on behalf of children, who "can no longer speak for themselves" but she did not address her relationship to the other three named individuals.  *Id*. at 2.  She later filed a Supplemental Response in which she provided no further relevant information.  ECF No. 11.

Petitioner's responses are insufficient because there is no indication that her children are incompetent, the other named individuals are incompetent, or that she has been appointed their legal representative.  Moreover, in her responses Petitioner did not explain the legal basis for her claims, nor did she do so in the subsequent "Notices" she filed.  ECF Nos. 6–8, 10, 12, 14.

Even if Petitioner had sufficiently responded to the show cause order, it appears that this court lacks personal jurisdiction over some of the defendants, which include a private corporation, as well as the state of Pennsylvania and city of Philadelphia.  Likewise, it appears that venue would be improper in this District.  *See* 28 U.S.C. § 1391.  Finally, it appears that some of Petitioner's claims have been previously adjudicated, as her pleadings mention prior litigation involving the same subject matter as involved here.  *See* ECF No. 5 at 3; ECF No. 7 at 1; ECF No. 14 at 2.  Accordingly, this court will dismiss this action.

Plaintiff's Motion for Summary Judgment, ECF No. 9, Motions for Default Judgment, ECF Nos. 5, 13, and Motion to Compound the Interest, ECF No. 15, will be DENIED as moot. The motions will also be denied because Plaintiff never obtained a summons and there is no record that she effectuated service of process, although she asserts without support that she did serve the Defendants. *See* ECF No. 5 at 1–2.

Date: September 22, 2022

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge